UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-CV-60909

PATRICIA CIPOLLA,

    Plaintiff,

v.

HUNTER WARFIELD, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff PATRICIA CIPOLLA ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant HUNTER WARFIELD, INC. ("Defendant"), *to wit*, for Defendant's violations of 15 U.S.C §1692 *et seq*., the Fair Debt Collection Practices Act, and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

<u>NATURE OF ACTION</u>

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1.    The Fair Debt Collection Practices Act ("FDCPA") "is a consumer protection statute that imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair" debt-collection practices. <u>Crawford v. LVNV Funding, LLC</u>, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA</u>, 559 U.S. 573, 587 (2010)); *see also* <u>Drossin v. Nat'l Action Fin. Servs.</u>, 641 F.Supp.2d 1314 (S.D. Fla. 2009).(***"**[t]he FDCPA establishes a **strict liability standard**; a consumer need not show an intentional violation of the Act

by a debt collector to be entitled to damages."). The "open-ended prohibitions" imposed by the FDCPA is most clearly illustrated through § 1692e and § 1692f.

**II.    THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

2.    The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." <u>Harris v. Beneficial Finance Company of Jacksonville</u>, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* <u>Bianchi v. Bronson & Migliaccio, LLP</u>, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

3.    As set forth in more detail below, Defendant violated § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5), and § 1692f of the FDCPA, and § 559.72(9) of the FCCPA, and as a result, Plaintiff seeks damages and injunctive relief for the same.

**DEMAND FOR JURY TRIAL**

4.    Plaintiff respectfully demands a trial by jury on all alleged counts and any issues so triable. *See* <u>Sibley v. Fulton DeKalb Collection Service</u>, 677 F.2d 830 (11th Cir.1982) ("a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

**JURISDICTION AND VENUE**

5.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

6. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. § 1367.

7. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

8. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

9. Defendant is a Maryland corporation, with its principal place of business located in Tampa, Florida.

10. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

11. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

12. The debt at issue is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

13. In particular, the debt at issue (the "Consumer Debt") represents the amount Plaintiff allegedly owes to the creditor, HSN Holdings, LLC (the "Creditor"), on an unsecured line of credit which Plaintiff utilized to purchase goods for Plaintiff's own personal benefit, as well as the benefit of Plaintiff's family and household.

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

15. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

16. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

17. On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

18. On a date better known by Defendant, Defendant mailed a letter (dated April 24, 2017) to Plaintiff in an attempt to collect the Consumer Debt. A copy of said letter (the "Collection Letter") is attached hereto as Exhibit "A."

19. Pursuant to the Collection Letter, the Consumer Debt is $439.24, whereby "$439.24" is the "PRINCIPAL" and the "AMOUNT DUE," as the "INTEREST" is "$0."

20. On information and belief, the "AMOUNT DUE" stated in the Collection Letter was not exclusively "PRINCIPAL," in that, a portion of the $439.24 sought was contributable to interest and other fees.

21. On the front of the Collection Letter, Defendant states: "**This debt has been reported or is schedule to be reported to one or all of the following three national credit reporting bureaus**: Equifax Credit Information Services LLC, TransUnion LLC, and Experian Information Solutions Inc. If your debt is reported to the credit bureaus this could adversely affect your credit." *See* Collection Letter (emphasis added).

22. As of the filing of this Complaint, no report has been made to *any* of the three major credit bureaus with respect to the Consumer Debt.

23. On the reverse side of the Collection Letter, Defendant states: "[s]hould you elect to make a payment though our online payment portal or by phone, a payment transaction fee may be charged to you. … ***Residents of CO, MA, ME, NC, NY, WA, WI, or WY will not be assessed a payment transaction fee online or by phone***." *See* Collection Letter (emphasis added).

24. Defendant has no contractual or statutory authority to collect any transaction fee in connection with a payment made towards the Consumer Debt, *to wit*, a "payment transaction fee."

25. Upon information and belief, Defendant is in possession of a copy underlying promissory note(s) which govern the Consumer Debt.

26. Defendant, through either knowledge of the terms of the underlying loan(s) or the knowledge of the absence of any contractual or legal authority to do so, knew it had no statutory or contractual authority to collect a "payment transaction fee."

## VIOLATION OF THE FDCPA AND FCCPA

27. "To state a claim for violation of the FDCPA and FCCPA, Plaintiff must set forth sufficient factual allegations to raise plausible inferences that: (1) Defendant is a debt collector; (2) Plaintiff was 'the object of collection activity arising from consumer debt;' and (3) Defendant engaged in an act or omission prohibited by the FDCPA or FCCPA." Garrison v. Caliber Home Loans, Inc., 2017 WL 89001, at *4 (M.D. Fla. Jan. 10, 2017); Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

28. With respect to the third prong, the "least sophisticated consumer" standard dictates a debt collector's communication, or other conduct, violates the FDCPA or FCCPA. *See* Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (reiterating that the "least sophisticated consumer" standard governs "whether a debt collector's conduct is deceptive, misleading, unconscionable, or unfair under the statute." (internal quotations omitted)); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) (holding that the "least-sophisticated consumer" standard applies to evaluate claims under both § 1692e and § 1692f); Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *2 (11th Cir. Nov. 1, 2017) (applying the "least sophisticated consumer" standard to claims under § 1692g); *see also* Michael

v. HOVG, LLC, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017) (applying the least sophisticated consumer standard to determine whether a debt collector violated the FCCPA); Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010 (same); Bank v. Schmidt, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which applied the least sophisticated consumer standard to determine whether the FCCPA had been violated). Thus, in the context of the FDCPA and FCCPA, "[t]he inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct." Crawford, 758 F.3d 1254 at 1259 (citation and internal quotations omitted).

29.     "The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd." LeBlanc, 601 F.3d 1185 at 1194; *see* Crawford, 758 F.3d 1254 at 1258-59 ("[t]he 'least-sophisticated consumer' standard takes into account that consumer-protection laws are 'not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous.'" (*quoting* Jeter v. Credit Bureau, 760 F.2d 1168, 1172-73 (11th Cir. 1985))). The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Jeter, 760 F.2d at 1168.

30.     "Literally, the least sophisticated consumer is not merely 'below average,' he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care, let alone interpret it in a reasonable fashion." Gammon v. GC Servs., 27 F.3d 1254, 1257 (7th Cir. 1994); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir.1996) ("'the test is how the least sophisticated consumer – one not

having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer – understands the notice he or she receives.'"). As such, because of the viewpoint required to properly invoke the least sophisticated consumer standard, issues which require the application thereof are reserved for the jury. *See* Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *3 (11th Cir. Nov. 1, 2017) ("[g]enerally, the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury"); *see, e.g.*, Pescatrice v. Orovitz, 539 F. Supp. 2d 1375, 1381 (S.D. Fla. 2008) (whether a communication was "deceptive is a material issue of disputed fact for the jury, as fact finder, to resolve").

31. Shifting now to conduct prohibited by the FDCPA and/or FCCPA, § 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (2) The false representation of [] (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> …
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692.

32. Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

33. "[T]he broad prohibitions of § 1692e apply to a debt collector's false, deceptive, or misleading *representation or means* used *in connection with the collection of any debt* [and] [t]he broad prohibitions of § 1692f apply to a debt collector's use of unfair or unconscionable *means to collect or attempt to collect any debt.*" 15 U.S.C. § 1692f. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1261 (11th Cir. 2014) (emphasis original). Moreover, "[t]he use of 'or' in § 1692e means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." Bourff v. Rubin Lublin, L.L.C., 674 F.3d 1238 (11th Cir. 2012).

34. In the same vein, with respect the FCCPA, § 559.72(9) states that, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist*." Fla Stat. § 559.72(9) (emphasis added).

35. On its face, § 559.72(9) of the FCCPA appears to afford less protection to consumers than similar provisions of the FDCPA; however, the opposite is true. In comparison to its federal counterpart, *i.e.,* the FDCPA*,* the FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA. See Mays v. Citibank, N.A., 2005 WL 6111610, at *11 (S.D. Fla. 2005 ("The [FCCPA] applies to all persons who attempt to collect debts, and is not restricted to debt collectors."); Bacelli v. MFP, Inc., 729 F.Supp. 2d 1328, 1333 n.7 (M.D. Fla. 2010) ("The FCCPA differs from the FDCPA, in part, in that it prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'"); Heard v. Mathis, 344 So.2d 651, 654 (Fla. 1st Dist.Ct.App.1977) (The FCCPA applied to private individual attempting to collect oral, noninterest bearing loan).

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e, § 1692e(5), and § 1692f**

36. Plaintiff incorporates by reference paragraphs 12-34 of this Complaint as though fully stated herein.

37. Here, Defendant clearly states in the Collection Letter that, as of April 24, 2017, either (a) the Consumer Debt *had already been* reported; or (b) the Consumer Debt *would soon be* reported as delinquent to one or all three of the major credit bureaus. *See* Collection Letter (wherein Defendant threatens in the Collection Letter that: "[t]his debt has been reported or is schedule to be reported to one or all of the following three national credit reporting bureaus"). Yet, as of the filing of this Complaint, *nothing* has been reported to *any* of the three major bureaus with respect to the Consumer Debt.

38. As such, Defendant, by and through the above quoted language of the Collection Letter, unlawfully causes the least sophisticated consumer to mistakenly believe that the underlying debt *had already been reported* to any and/or all of the three major credit bureaus, or, at the very least, such reporting was immediately imminent. Defendant wrongfully instilled such belief in the least sophisticated consumer by making plainly false statements and/or otherwise unfairly threatening action which Defendant had no intention of taking.

39. Accordingly, Defendant, by and through such idle threats and false claims, violated § 1692e, § 1692e(5), and § 1692f of the FDCPA.

## *COUNT II.*
## **VIOLATION OF 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), and § 1692e(5)**

40. Plaintiff incorporates by reference paragraphs 12-34 of this Complaint as though fully stated herein.

41.     Here, Defendant falsely represented to the least sophisticated consumer that it (Defendant) could legally assess and/or collect a "payment transaction fee" for payments made through Defendant's online portal or via phone.

42.     On the reverse side of the Collection letter, the following statement is made:

> **Notice of Payment Transaction Fee:** Should you elect to make a payment though our online payment portal or by phone, a payment transaction fee may be charged to you. To avoid this fee, please see payment using the payment coupon attached to this latter and mail payment(s) to Hunter Warfield. ***Residents of CO, MA, ME, NC, NY, WA, WI, or WY will not be assessed a payment transaction fee online or by phone***.

*See* <u>Collection Letter</u> (emphasis added).

43.     As quoted above, Defendant explicitly states that "***Residents of CO, MA, ME, NC, NY, WA, WI, or WY will not be assessed a payment transaction fee***." <u>Id</u>. In so doing, Defendant causes the least sophisticated consumer to believe that he or she, as resident of Florida, will be assessed "payment transaction fee" for payments made on-line or over the phone. Defendant, however, does not have any contractual or statutory right to assess a "payment transaction fee."

44.     Defendant, by informing the least sophisticated consumer that a "payment transaction fee" was to be assessed for certain payments, Defendant misrepresented the compensation which Defendant was entitled for payments made online or over the phone, as Defendant had no such entitlement or authority to legally assess such.

45.     Also, Defendant's statement regarding the assessment of a "payment transaction fee" represents an unlawful threat to take certain action which Defendant could not legally take, and, along with Defendant's false representation that the Consumer Debt had "$0" of interest, Defendant unlawfully misrepresents the character and/or amount of the Consumer Debt.

46. Accordingly, by and through the Collection Letter, *i.e.*, the language regarding the imposition of a "payment transaction fee" for payments made online or over the phone, and, in relevant part, that the Consumer Debt had "$0" of interest, Defendant violated § 1692e, § 1692e(2)(A), § 1692e(2)(B), 1692e(5) of the FDCPA.

### *COUNT III.*
### VIOLATION OF FLA. STAT. § 559.72(9)

47. Plaintiff incorporates by reference paragraphs 15-36 of this Complaint as though fully stated herein.

48. As stated above, pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

49. Here, as stated above, Defendant knew it did not have any contractual or statutory right to assess a "transaction fee" for payments made online or by phone. As such, by threating and/or stating that online and/or phone payments made by the least sophisticated consumer were to be assessed a "payment transaction fee," Defendant unlawfully asserted the existed of a right which did not exist in violation of Fla. Stat. § 559.72(9).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b) Statutory damages as provided under Fla. Stat. §559.77(2), for the FCCPA violation committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: April 21, 2018

                          Respectfully Submitted,

                          /s/ Thomas J. Patti           .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
1451 W. Cypress Creek Road, Suite 300
Fort Lauderdale, Florida 33309
Phone:    954-543-1325
Fax:       954-507-9975

*COUNSEL FOR PLAINTIFF*