UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80528-ROSENBERG/REINHART

PATRICIA CIPOLLA,

   Plaintiff,

v.

HUNTER WARFIELD, INC.,

   Defendant.
_____/

**ORDER SETTING STATUS CONFERENCE,
CALENDAR CALL, AND TRIAL DATE, ORDER OF
<u>REQUIREMENTS, AND ORDER OF REFERENCE TO MAGISTRATE JUDGE</u>**

     This Court enters the following Order to apprise the parties of the trial date in this case and to establish certain pretrial procedures. Many of the procedures delineated in this Order are unique to the undersigned and, as a result, the parties should carefully review this Order. This Order does not contain pretrial deadlines. This Order sets forth all pretrial procedures. A second, separate order will establish all pretrial deadlines. It is the Court's intention that this Order, together with the order setting pretrial deadlines, will provide the parties with all of the information they need to litigate before this Court. This Order is organized as follows:

1. **TRIAL, CALENDAR CALL, AND STATUS CONFERENCE**, page 3.

2. **SERVICE**, page 3.

3. **REFERRAL OF CERTAIN PRETRIAL MOTIONS**, page 4.

4. **PRETRIAL DEADLINES**, page 4.

5. **EXTENSIONS OF PRETRIAL DEADLINES**, page 5.

6. **JURY TRIALS**, page 6.

7. **BENCH TRIALS**, page 7.

8. **EXHIBIT AND WITNESS LISTS**, page 7.

9. **TRIAL PLAN AND STATUS CONFERENCE**, page 7.

10. **HEARINGS**, page 9.

11. **MOTIONS FOR SUMMARY JUDGMENT**, page 9.

12. **MOTIONS IN LIMINE**, page 12.

13. **MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**, page 12.

14. **DEPOSITION DESIGNATIONS**, page 13.

15. **EXHIBIT OBJECTIONS**, page 13.

16. **PRETRIAL STIPULATION**, page 14.

17. **COMPUTERS AND OTHER EQUIPMENT**, page 15.

18. **NON-COMPLIANCE WITH THIS ORDER**, page 15.

19. **SETTLEMENT**, page 15.

20. **COMMUNICATIONS WITH CHAMBERS**, page 16.

The parties shall comply with the undersigned's rules as follows:

### 1. TRIAL, CALENDAR CALL, AND STATUS CONFERENCE

**PLEASE TAKE NOTICE** that the above-captioned cause is hereby set for **Trial** before the Honorable Robin L. Rosenberg, United States District Judge, at the United States District Court at 701 Clematis Street, Fourth Floor, Courtroom 2, West Palm Beach, Florida, during the **two-week trial period commencing** April 29, 2019 at 9:00 a.m., or as soon thereafter as the case may be called.  **PLEASE TAKE FURTHER NOTICE** that a **Status Conference** will be held on March 27, 2019 at 9:30 a.m., and a **Calendar Call** will be held on April 24, 2019 at 9:00 a.m.  Counsel (or a *pro se* party) may appear at the Status Conference and the Calendar Call via telephone but must file a notice of telephonic appearance at least one (1) day prior to the Status Conference or Calendar Call.[1]  Instructions for appearing via telephone are as follows:

1. Please call five (5) minutes prior to the Status Conference or Calendar Call.
2. The toll-free number is: 1 (877) 873-8018.
3. The access code is: 9890482.
4. The security code is: 4008.

Unless the parties are notified otherwise, the telephonic instructions listed above will apply to all telephonic appearances in this case.

### 2. SERVICE

Unless service is waived, proof of service must be made to the Court by filing the server's affidavit immediately upon receipt.  If a Defendant waives service, notice of the same shall be immediately filed with the Court.

---

[1] The status conference and calendar call will be held at the address and location specified above.  In the event the Court's schedule requires the status conference or calendar call to be held at another location, the Court will notify the parties by order.

## 3. REFERRAL OF CERTAIN PRETRIAL MOTIONS

Pursuant to 28 U.S.C. § 636(b)(l)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge Bruce E. Reinhart for appropriate disposition of all *pro hac vice* motions, motions to substitute counsel, and pretrial motions related to discovery.

## 4. PRETRIAL DEADLINES

Within two weeks of (1) the date upon which any one defendant appears in this action or (2) the rendition of this Order, whichever is later, the parties are directed to prepare and file a joint scheduling report (and e-mail a proposed order) as required by Local Rule 16.1. The joint scheduling report shall include all information required by Local Rule 16.1(b)(2) and (b)(3). The Court anticipates the following pretrial deadlines barring unusual circumstances:

- Deadline to select a mediator and to schedule a time, date, and place for mediation within 30 days of the scheduling order.

- Deadline to amend pleadings and join parties within 60 days of the scheduling order.

- Completion of all discovery 120 days prior to trial.

- Deadline for dispositive pretrial motions and *Daubert* motions (which include motions to strike experts) 90 days prior to trial.

- Completion of mediation 60 days prior to trial.

The parties should address their joint scheduling report and their proposed pretrial deadlines to the Court's anticipated deadlines outlined above. The parties are encouraged to explain their proposed deadlines to the extent such deadlines conflict with the Court's anticipated deadlines outlined above. In the event the parties determine that the Court's trial date should either be extended or shortened based upon the expedited, standard, or complex case management tracks described in Local Rule 16.1(a), the parties should explain the basis for so concluding, together with

any affidavits in support of a continuance that may be necessary under Local Rule 7.6. Finally, the parties' proposed order should be a Microsoft Word document utilizing the format in the Court's sample scheduling order on the undersigned's webpage at: http://www.flsd.uscourts.gov / content / judge-robin-l-rosenberg. In the event the parties do not file a joint scheduling report by the deadline established by this Order, the Court will unilaterally determine the pretrial deadlines in this case, however, the Court's determination will not relieve the parties from their obligation to conduct a Rule 26(f) conference.

### 5. EXTENSIONS OF PRETRIAL DEADLINES

Provided that all parties are in agreement, any pretrial deadline(s) *prior* to the deadline for the filing of dispositive motions may be modified without Court order by filing a joint notice indicating the new pretrial deadline(s) reached by agreement. A motion need not be filed. If the parties elect to modify deadlines[2] by agreement, the parties should not anticipate that the Court will modify other deadlines as a result of any possible prejudice to the parties. Only when the parties seek and are unable to agree on a modification of a pretrial deadline or seek an extension of the deadline for dispositive motions or any deadline following the deadline for dispositive motions, should the parties file a motion with the Court. If any party fails to follow the procedures in this order, the Court may deny the motion without prejudice.

The parties are cautioned that the Court will not grant continuances of the dispositive motion deadline or trial date lightly. Any motion requesting either of these forms of relief should contain **detailed** information in support of the motion, including the amount, timing, and type of discovery that was undertaken in the case. The Court's strong adherence to the dispositive deadline is for the parties' benefit. Because of the amount of time necessary for a dispositive motion to ripen and because of the significant amount of time the Court needs in order to properly evaluate and consider

---

[2] The parties' modification of the deadline for discovery will not extend the time for any party to file a motion to compel. The deadline for discovery motion practice will be governed by the discovery deadline entered by the Court.

dispositive motions, the dispositive deadline must be set several months before trial.  In the event the dispositive deadline is extended, an order granting dispositive relief may come too late to save the parties from unnecessary pretrial preparation costs and expenses.  Finally, in the event the Court declines to extend any deadline, the parties have the option of consenting to magistrate judge jurisdiction which affords the parties greater flexibility with pretrial deadlines and a trial date.

## 6. JURY TRIALS

In addition to filing their proposed jury instructions with the Clerk (the date for filing the proposed jury instructions is set forth in the pretrial scheduling order), the parties shall also submit A SINGLE JOINT SET of proposed jury instructions and verdict form in Word format directly to Rosenberg@flsd.uscourts.gov.[3]  To the extent these instructions are based upon the Eleventh Circuit pattern jury instructions, counsel shall indicate the appropriate Eleventh Circuit pattern jury instruction upon which their instruction is modeled.  All other instructions shall include citations to relevant supporting case law.

The parties need not agree on the proposed language of each instruction or question on the verdict form.  Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be italicized. Instructions and questions proposed only by defendant(s) to which plaintiff(s) object shall be bold-faced.  Each jury instruction shall be typed on a separate page and, except for Eleventh Circuit pattern instructions clearly identified as such, must be supported by citations to authority.  In preparing the requested jury instructions, the parties shall use as a guide the pattern jury instructions for civil cases approved by the Eleventh Circuit, including the directions to counsel contained therein.

---

[3] The joint set of proposed jury instructions should include both preliminary jury instructions (from the appropriate Eleventh Circuit pattern instructions) as well as final jury instructions.  Proposed voir dire questions and verdict forms should be e-mailed in Word format to this e-mail address as well.

7. **BENCH TRIALS**

An additional copy of all proposed Findings of Fact and Conclusions of Law (the date for filing the proposed Findings of Fact and Conclusion of Law is set forth in the pretrial scheduling order) shall be sent in Word format to the chambers e-mail account listed above. Proposed Conclusions of Law must be supported by citations to authority.

8. **EXHIBIT AND WITNESS LISTS**

Counsel shall submit to the Court a typed list of proposed witnesses and/or exhibits (the date for filing the proposed witnesses and/or exhibit lists is set forth in the pretrial scheduling order). All exhibits shall be pre-labeled in accordance with the proposed exhibit list, and only numerical sequences are permitted—alphabetical designations shall not be used. Exhibit labels must include the case number, the exhibit number, and the party offering the exhibit. A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted prior to trial. Any composite exhibits should be listed separately, i.e. 1A, 1B, 1C, etc. The parties shall submit said exhibit list on AO Form 187, which is available from the Clerk's office and at http://www.uscourts.gov/services-forms/forms. At trial, the parties shall deliver to the Court a USB flash drive that contains digital copies of the exhibits. The parties must also comply with Local Rule 5.3.

9. **TRIAL PLAN AND STATUS CONFERENCE**

At the Status Conference, the Court will require all parties to estimate the total number of witnesses each party intends to call at trial and to estimate the total amount of time requested for trial.

The parties shall file a joint trial plan no later than two (2) business days prior to Calendar Call. By way of example, if Calendar Call falls on a Wednesday, the joint trial plan shall be filed no later than the preceding Monday at 11:59 p.m. Also by way of example, if Calendar Call falls on

a Wednesday and the preceding Monday is a federal holiday, the joint trial plan shall be filed no later than the preceding Friday at 11:59 p.m.  The joint trial plan shall set forth the following information: (1) the anticipated length of time required for each party's opening statement; (2) the witnesses each party intends to call at trial, listed in the order in which these witnesses will be called;[4] (3) a *brief* description of each witness (*e.g.,* the identity of the witness and the relationship of the witness to any parties in the case); (4) whether the witness is an expert and, if so, the area of expertise of the witness; (5) whether each witness will testify live, by video deposition, or by reading of deposition testimony; (6) the anticipated length of time required for direct examination, cross examination, and redirect examination of each witness; (7) the anticipated length of time required for each party's closing argument; (8) any additional matters that may affect the course of trial; and (9) **an accurate summation of the total time allocated in the trial plan**.

The Court prefers the trial plan to be submitted using the following format:

| ▮▮▮▮▮▮ Opening Statement (estimated time) | | | 15 min | | |
|---|---|---|---|---|---|
| ▮▮▮▮▮▮ Opening Statement (estimated time) | | | 15 min | | |
| **Proposed Witnesses (in proposed sequence)** | **Relationship to Party(s)** | **Live / Depo / Video *** | **Time Estimate for** | | |
| | | | Direct | Cross | Redirect |
| 1. ▮▮▮▮▮▮ | Chief Operating Officer and General Counsel ▮▮▮ | L | 15 min | 20 min | 5 min |

---

[4] If adjustments become necessary during trial, the Court will not require the parties to call their witnesses in the order in which they are listed in the joint trial plan, as long as sufficient advance notice of the adjustments is provided to the Court and opposing counsel.  However, the Court expects very little deviation from the joint trial plan in all other respects.

Prior to filing the joint trial plan, the parties shall meet and confer regarding the matters outlined therein. The parties shall certify in the joint trial plan that they have complied with this requirement.

### 10. HEARINGS

The Court will review *sua sponte* any motions (other than those referred to the Magistrate Judge) and determine which motions are appropriate for a hearing. Counsel is allowed to appear in person or via telephone, unless the Court instructs otherwise. In order to appear via telephone, counsel must file a notice of telephonic appearance, as set forth in the Order Setting Hearing, at least one (1) day prior to the hearing. The Court will endeavor to give the parties as much notice of the scheduled hearing as possible, but, at times, notice may be within a week of the hearing. The Court's *sua sponte* setting of hearings on motions does not preclude the parties from requesting oral argument, as appropriate, on filed motions. Finally, counsel should keep in mind the need to provide courtroom experience to the next generation of practitioners and, as a result, the Court will particularly welcome any lawyer with four or fewer years of experience to argue any of the motions set for a hearing.

### 11. MOTIONS FOR SUMMARY JUDGMENT AND STATEMENTS OF MATERIAL FACTS

Local Rule 56.1(a) requires a motion for summary judgment (and opposition thereto) to be accompanied by a statement of material facts. Pursuant to Local Rule 56.1(a)(2), this statement of material facts must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the court. In the event a respondent fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted. Local Rule 56.1(b). In the interest of judicial economy, in the interest of proper and careful consideration of each party's statement of material

facts, and in the interest of determining matters on summary judgment on the merits, the Court hereby orders the parties to file any statement of material facts as follows:

A statement of material facts shall be a separate filing from a motion for summary judgment or a response to a motion for summary judgment.

Each material fact in the statement that requires evidentiary support shall be supported by a specific citation. This specific citation shall reference pages (and line numbers, if necessary) of exhibits. When a material fact requires evidentiary support, a **general citation to an exhibit, without a page number or pincite, is not permitted**.

Each cited exhibit must be an attachment to the statement of material facts. By way of example, a statement of material facts may be filed in CM/ECF[5] with attachments as follows:

| Document Number: 113 | | 8 pages | 206 kb |
|---|---|---|---|
| **Attachment** | **Description** | | |
| 1 | Exhibit A - Amended Complaint | 33 pages | 1.0 mb |
| 2 | Exhibit B - ▮▮▮▮ Answer to Amended Complaint | 5 pages | 105 kb |
| 3 | Exhibit C - ▮▮▮▮ Affidavit dated 7/28/15 | 27 pages | 4.4 mb |
| 4 | Exhibit D - Part 1 - ▮▮▮▮ Affidavit dated 6/10/15 | 11 pages | 292 kb |
| 5 | Exhibit D - Part 2 | 33 pages | 1.1 mb |
| 6 | Exhibit D - Part 3 | 17 pages | 0.6 mb |
| 7 | Exhibit D - Part 4 | 27 pages | 7.7 mb |
| 8 | Exhibit D - Part 5 | 25 pages | 4.1 mb |

---

[5] The Court recognizes that pro se parties do not have control over how their filings appear in CM/ECF. Nonetheless, a pro se litigant's paper filing must comply with the requirements of this Order.

All citations in the statement of material facts must cite to the attached exhibits. For example, a citation could be to "Exhibit A, ¶ 2" or (for a deposition) "Exhibit C, p. 12 line 15" or "Exhibit C, 12:15".[6] Hypothetical unacceptable citations include the following: "Exhibit B" or "Smith Affidavit". Similarly, a party should not cite to "Smith Affidavit, pgs. 223-24" and should instead cite to "Exhibit E, Smith Affidavit, pgs. 223-24".

A respondent's statement of material facts must specifically respond to each statement in the movant's statement of material facts. By way of example, if a movant's statement of material facts reads as follows:

---

**MOVANT'S STATEMENT OF MATERIAL FACTS**

1. Blackacre is owned by Movant. Exhibit B, ¶ 2.

2. Blackacre is currently under contract for sale. Exhibit C, pgs. 2-4.

---

A respondent's statement of material facts must clearly respond to each of the foregoing:

---

**RESPONDENT'S STATEMENT OF DISPUTED FACTS
IN OPPOSITION TO MOVANT'S STATEMENT OF MATERIAL
FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS
IN OPPOSITION TO MOVANT'S MOTION FOR SUMMARY JUDGMENT**

Paragraph 1:  Undisputed

Paragraph 2:  Disputed. The contract for sale was never executed. Exhibit A, ¶ 5.

---

After a respondent addresses each of a movant's statement of material facts (and all disputed facts should be supported by specific citations) as above, a respondent may provide additional statements of material fact in accordance with the requirements of this Order.

---

[6] The citations in this section are not intended to correspond directly to the example image of a filing in CM/ECF.

In the event a party fails to comply with the requirements delineated in this section, the Court may strike the deficient statement of material facts and require immediate compliance, grant an opposing party relief, or enter any other sanction that the Court deems appropriate.

### 12. MOTIONS IN LIMINE

Each party is limited to filing one motion in limine that contains no more than three requests for relief.  Any party may move for a modification of this limitation at least one week in advance of the deadline for filing motions in limine and must provide a detailed basis to support the requested relief.  Motions in limine that request for the Court to order the opposing party to comply with the Federal Rules of Evidence are improper and may be denied immediately.

### 13. MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

Motions to strike are generally disfavored as courts consider them "a drastic remedy to be resorted to only when required for the purposes of justice" that should only be granted when allegations "have no possible relation to the controversy."  *Augustus v. Bd. of Pub. Instruction* , 306 F.2d 862, 868 (5th Cir. 1962).  Accordingly, this Court disfavors motions to strike affirmative defenses.  The Court will not permit a defendant to raise an affirmative defense that is not, in fact, an affirmative defense.  The Court will instead construe improper affirmative defenses as denials. *See Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013) ("The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial.").  Nonetheless, the Court does not prohibit any party from filing a motion to strike affirmative defenses.  In the event a party elects to file a motion to strike affirmative defenses, however, the party must certify in the opening paragraph of the motion that the party has read and considered this section in the Court's Order and has considered the case law cited herein.

## 14. DEPOSITION DESIGNATIONS AND OBJECTIONS TO EXHIBITS

In the experience of this Court, only a small fraction of deposition designations are utilized at trial.  Juxtaposed to the small amount of deposition designation testimony utilized at trial is the large amount of time and expense that deposition designations entail: the proponent must study a deposition to designate relevant testimony, the opposing party must prepare objections to designated testimony, the proponent must thereafter respond to the opposing party's objections, the parties must confer on all objections, the Court must hear argument on unresolved, contested objections, and the Court must, in many cases, review extensive portions of deposition transcripts.  The Court's review of deposition transcripts is complicated by the fact that the Court is often without the benefit—unlike the parties—of the context of the entire scope of evidence that will be introduced at trial.  The foregoing impacts the amount of time the parties have to prepare for the trial and the amount of time that jurors may spend hearing evidence on a given trial day.  In summary, the foregoing affects the Court's and the parties' obligations under Rule 1 of the Federal Rules of Civil Procedure.  Rule 1 requires that the Federal Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  In accordance with its obligations under Rule 1, the Court orders the following.

First, the parties are ordered to provide the Court with a deposition designation notebook.  This notebook must be delivered to Chambers on the same day that the parties' jury instructions or proposed findings and conclusions are due.  Second, the notebook (or notebooks) must contain the full deposition transcript for each designated witness.  Third, the designated (or counter-designated) testimony for each witness must be highlighted and easy to locate and identify.  Fourth, objections to the designated testimony must be supplemented with an appendix that contains detailed legal argument explaining the objections, together with a response from the opposing party.  Fifth and

finally, an objection to designated testimony may only be raised after a full, reasonable conferral between the parties on the issue in dispute as more fully set forth below.

Deposition designation objections must be accompanied by a certification, by the party objecting, that: (i) the parties have conferred on the objection, (ii) the objection is raised in good faith, (iii) the objection raises an issue that the parties, working together as professionals, cannot resolve without court intervention, and (iv) the expenditure of judicial labor is the only avenue by which the dispute may be resolved.  The Court will carefully consider all of the objections brought to its attention.  In the event the Court concludes that a designating party or counsel, or an objecting party or counsel, has failed "to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court may consider sanctions, as appropriate.  Similarly, if the Court concludes that objections to designations must be ruled upon contemporaneously with the reading of designated testimony[7] at trial because of a party or counsel's failure to comply with this Order, the Court may consider sanctions, as appropriate.

Finally, the requirements in the preceding paragraph apply to the parties' objections to exhibits.  The parties are expected to fully and reasonably confer on every objection to an exhibit.  In the event the Court determines that objections to exhibits are objections that could have been resolved through a full, reasonable, and professional conferral, the Court may consider sanctions, as appropriate.

### 15. PRETRIAL STIPULATION

The Joint Pretrial Stipulation shall conform to S.D. Fla. L.R. 16.1(e).  The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions.  Should any of the parties fail to cooperate in preparing the Joint Pretrial Stipulation, all parties shall file (by the date the pretrial stipulation was due) a certification with the Court stating the circumstances.  Upon

---

[7] Such a ruling may mean that a transcript of a video deposition must be read in lieu of presentation of the video recording.

receipt of such certifications, the Court may issue an order requiring the non-cooperating party or parties to show cause why such party or parties, or their respective attorneys, should not be sanctioned for the failure to comply with the Court's order. The pretrial disclosures and objections required under Fed. R. Civ. P. 26(a)(3) should be served, but not filed with the Clerk's Office, as the same information is required to be attached to the parties' Joint Pretrial Stipulation. The filing of a motion to continue trial shall not stay the requirement for the filing of a Pretrial Stipulation.

### 16. COMPUTERS AND OTHER EQUIPMENT

Counsel desiring to utilize laptop computers or other electronic equipment in the courtroom shall file a motion and submit a proposed order granting such use one week prior to the commencement of trial. The motion and proposed order should describe with specificity (1) the equipment, (2) the make and model of the equipment, and (3) the identity of the person who will bring the proposed equipment. A sample order permitting electronic equipment into the courtroom is available for viewing on the Court's website at: http://www.flsd.uscourts.gov / content / judge-robin-l-rosenberg. Counsel shall contact the courtroom deputy at least one week prior to trial to discuss any special equipment (video monitor, etc.) that may require special arrangements.

### 17. NON-COMPLIANCE WITH THIS ORDER

Intentional or repeated non-compliance with any provision of this Order may subject the non-complying party or counsel to appropriate sanctions. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

### 18. SETTLEMENT

If the case is settled, counsel shall so inform the Court within two court-days of settlement by submitting an appropriate notice of settlement, stipulation for dismissal, or motion for dismissal, pursuant to Federal Rule of Civil Procedure 41(a). *See* Local Rule 16.4. The parties shall attend all hearings and abide by all time requirements unless and until an order of dismissal is filed.

**19. <u>COMMUNICATION WITH CHAMBERS</u>**

Rules regarding communication with Chambers are available for viewing at http://www.flsd.uscourts.gov / content / judge-robin-l-rosenberg.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 7th day of May, 2018.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE